GODDARD *against* SELDEN.

SELDEN *against* GODDARD :

IN ERROR.

Where the condition of a bond executed by *A.* to *B.* in *September* 1820, se-
cured by a mortgage of land, was, that *A.* should pay to *B.* all such sums
of money as *B.* should thereafter advance to *A* ; in *May* 1823, *B.* advanced
to *A.* the sum of 300 dollars, for which he took *A's* promissory note, in-
dorsed by *C.* ; in *September* 1823, after such note had become due, *B.*
brought a bill of foreclosure on the mortgage so given, and obtained a de-
cree, finding the sum of 1161 dollars due on the bond, and limiting a pe-
riod of redemption ; immediately after the expiration of this period, the
money not being paid, *B.* entered into possession of the mortgaged premi-
ses, the value of which did not exceed 1200 dollars ; in an action subse-
quently brought by *B.* against *C.* on his indorsement of *A's* note for 300
dollars, to which *C.* set up as a defence the decree of foreclosure and the
possession of *B.* under it, it was held, that the amount of the note was not
*necessarily* secured by the mortgage, nor included in the sum found due
thereon ; that it was competent *for B.* to shew, by parol evidence, that the
fact was otherwise ; and that this being shewn, the defence relied upon
was unsupported and unavailing.

THIS was an action of *assumpsit,* brought by *Hezekiah God-
dard,* as indorsee of a promissory note, against *Erastus Selden,*
the indorser. The note declared on was made by *John C.
Ely,* for 300 dollars, dated *May* 13th, 1823, payable to the de-

fendant, or order, at the *Union Bank* in *New-London,* 60 days from date, and indorsed by the defendant. There were two additional counts, one for money had and received by the defendant, and one for money lent and advanced to the defendant, at his special interest and request.

The defendant pleaded, 1st, the general issue ; 2ndly, a special plea, stating the following facts : That the several counts in the declaration were for the recovery of the same sum of money for which the note described in the first count was given ; that on the 29th of *September,* 1820, *John C. Ely,* named in the plaintiff's declaration, executed and delivered to the plaintiff his bond, of that date, in the penal sum of 1200 dollars, conditioned, that he, *Ely,* should pay to the plaintiff all such sums of money as the plaintiff should thereafter advance to him ; that *Ely,* at the same time, mortgaged to the plaintiff three parcels of land in *Lyme,* to secure the fulfilment of the condition of such bond ; that on the 13th of *May,* 1823, the plaintiff advanced to *Ely* the amount of the note mentioned in the declaration, for which that note was given ; that on the 18th of *September,* 1823, the plaintiff brought a bill of foreclosure, against *Ely,* on the mortgage, to the superior court, alleging a breach of the condition of the bond and of the mortgage, and thereupon the superior court, in *January,* 1824, passed a decree, finding that there was due on the bond the sum of 1161 dollars, 30 cents, and directing that the defendant in the suit should be barred of all equity of redemption, unless that sum with interest thereon and the costs of suit, should be paid to the plaintiff, on or before the first *Monday* of *July* 1824 ; that the money was not paid, and immediately after the expiration of the time limited, the plaintiff entered into possession of the mortgaged premises, and has ever since retained the possession thereof, taking the rents and profits to himself ; that said note was given solely for the money so advanced by the plaintiff to *Ely,* and was indorsed, by the defendant, for the accommodation and benefit of *Ely,* which was, at the time, well known to the plaintiff ; and that said money so advanced, was covered by and embraced in the condition of said bond and of said mortgage deed, and was advanced upon the security of said bond and deed.

These last allegations were traversed by the plaintiff ; on which issue was joined.

The cause was tried, on this issue and the general issue, at *New-London, October* term, 1828, before *Daggett,* J.

On the trial, the matters stated in the special plea, and not traversed, were admitted as facts, under both issues. It was, moreover, agreed, that the value of the mortgaged premises did not exceed 1200 dollars.

The plaintiff claimed, that the note in suit was not in fact embraced in the sum found due upon the mortgage, but that it was composed of three other notes signed by *Ely* and several small orders drawn by *Ely* upon the plaintiff; and offered to prove these facts, by parol evidence. To the admission of such evidence the defendant objected, claiming, that the plaintiff could not prove, by parol testimony, what items did, and what did not, compose the mortgage debt found due. The court overruled the objection, and admitted the evidence offered.

The defendant then claimed, that as it was an admitted fact, that the plaintiff had advanced to *Ely* the money for which the note in suit was given, and taken this note before his bill of foreclosure was brought, and held it, with the other notes, when the decree was passed, he could not by law appropriate the mortgaged premises in payment of a part of such notes, and afterwards collect the residue; and prayed the judge so to instruct the jury. The judge did not so instruct the jury, but instructed them in conformity with the claim of the plaintiff, in whose favour the jury returned a verdict. The defendant then moved for judgment *veredicto non obstante ;* which was overruled by the court. He then filed a motion in error, assigning for error, that the court ought to have rendered judgment in his favour. He also moved for a new trial, for the admission of improper evidence, and for a misdirection.

*Hungerford* and *Waite*, for the plaintiff in error, and in support of the motion, contended, 1. That the terms of the condition of the bond and mortgage were broad enough to embrace the debt now sought to be recovered. This was a sum of money subsequently advanced by the plaintiff to *Ely ;* and was a part of the mortgage debt.

2. That as the judge, on the trial, took from the jury the question whether this debt was *in fact* included in the sum found due on the mortgage, and directed them to give a verdict for the plaintiff, it must be taken, that it *was in fact included.*

3. That aside from the question of fact, as such, the finding

of the superior court, in contemplation of law, will be considered as having embraced the *whole* mortgage debt. In the first place, the finding that a certain sum is due on the mortgage, implies, that that sum is *all* that is due. Secondly, a mortgage debt, though made up of several items, originating at different times, is, in its nature, an *indivisible* thing. *Bunnell* v. *Pinto,* 2 *Conn. Rep.* 431. If all the items were expressly detailed in the condition of the mortgage, it is clear beyond controversy, that they would constitute but one claim.

4. That a decree of foreclosure and the taking of possession under it, constitute an appropriation of the pledge and a satisfaction of the debt. The *Derby Bank* v. *Landon,* 3 *Conn. Rep.* 62. *Ely* has paid the penalty of his bond. He owes the plaintiff nothing which that bond covered.

*J. W. Huntington,* contra, not deeming it necessary to controvert the position, that this claim *might* have been secured by the mortgage, contended, 1. That a decree of foreclosure is not conclusive evidence, under all circumstances, that the plaintiff in the bill has appropriated the pledge as a satisfaction of every existing debt or claim, which the condition of the mortgage was capable of embracing. The rule on this subject contemplates a *voluntary* or *intentional* appropriation. If in any case it appears, that the mortgagee did not intend to accept the pledge as a satisfaction of the debt,—as *e. g.* where the debt is secured by mortgages in different jurisdictions,—a decree of foreclosure in one jurisdiction will not extinguish the debt. So where there are *distinct* debts secured by mortgage of the same land, a foreclosure as to one debt, will not extinguish the other. In the present case, the claim in question has had, from its origin, no connexion with the mortgage debt. It is for a sum of money advanced *on a different security, viz.* the *indorsement* of the defendant. If the defence set up is to prevail, the plaintiff will be deprived of that security, without any fault on his part.

2. That if this claim was not *necessarily* embraced by the mortgage, and extinguished by the decree of foreclosure, parol evidence was admissible, to shew, that it was not exhibited to the court, nor included in the sum found due. Such evidence has always been received in analogous cases. *Seddon* & al. v. *Tutop,* 7 *Term Rep.* 607. *Ravee* v. *Farmer,* 4 *Term Rep.* 146. 1 *Stark. Evid.* 200. and notes. In no other way could

it be proved, under a condition to a mortgage deed expressed
in such general terms as the one in question. And there can be no objection to such evidence *on principle ;* for in no sense does it impugn or contradict the deed or the decree.

In reply, the counsel for the plaintiff in error, said, that the principle recognized in *Seddon* v. *Tutop* and that class of cases, is inapplicable to this case ; because in those cases, the causes of action were distinct and embraced in different counts. If any evidence had been offered in support of each count, the judgment would have been a bar to any claim which might have been enforced in the action; *e. g.* book debt or *assumpsit* for goods sold and delivered, where only a part of the items are recovered. In this case, the cause of action is one and indivisible in its nature, *viz.* the *bond,* which cannot be enforced for a part, in one suit, and for part in another.

DAGGETT, J. Parol testimony having been admitted, by the court, to shew, that the note on which &c. was not taken into the account in making up the sum upon which the decree of foreclosure was passed, and the judge having charged the jury, that the plaintiff was entitled to a verdict, the defendant moved for a new trial for the supposed errors in the admission of the testimony and in the charge. The motion in error is founded upon the supposition, that the motion made by the defendant, that judgment should be entered up for him *veredicto non obstante,* ought to have prevailed.

The principal ground here suggested, is, that the decree of foreclosure *must* have included the note on which &c., and therefore, according to the doctrine in *The Derby Bank* v. *Landon,* 3 *Conn. Rep.* 62. that as the taking possession of mortgaged premises by the mortgagee under a decree of foreclosure, is, by operation of law, an extinguishment of the mortgage debt, it ought to bar the plaintiff of a recovery. It is quite obvious, that this defence applies with equal force on the prayer for a new trial and the motion in error. If it be sound, the judge should have charged the jury, that the plaintiff could not recover, or he should have allowed the motion for judgment in favour of the defendant *veredicto non obstante.* Let us, then, look into the case.

The suit is by the plaintiff, as indorser of a note made by one *John C. Ely,* in common form of negotiable notes, and in-

dorsed by the defendant to the plaintiff. There are other counts in the declaration ; but *this note* only is the foundation of the plaintiff's action. The note is dated 13th of *May* 1823. The defendant, besides the general issue of *non assumpsit*, pleads specially, in substance as follows :—That previous to the making of this note, *viz.* on the 29th of *September* 1820, *John C. Ely* executed his bond to the plaintiff, in the penal sum of 1200 dollars, conditioned that he should pay to the plaintiff all such sums of money as he should thereafter advance to *Ely*, and at the same time mortgaged certain lands for the fulfilment of the condition. After this, in *May* 1823, the plaintiff advanced the amount of the note, on which this action is brought ; and thereafter, in *September*, 1823, brought a bill of foreclosure upon the mortgage, to the superior court, who passed a decree, finding there was due on the bond 1161 dollars, 30 cents, and directing that the defendant in that suit should be barred of all equity of redemption, unless that sum and interest and costs should be paid, on or before the first *Monday* of *July*, 1824. The money was not paid ; and immediately after the time limited had expired, the plaintiff entered into possession of the mortgaged premises. The plea concludes with the general allegation, that the money advanced on the note was *covered by and embraced in the condition of the bond, and was secured by said deed.* This last allegation is traversed, by the plaintiff; and thus the issue between the parties is formed and tried. The defendant offers no testimony in support of the position that this note was covered by the bond and mortgage, and has thus been paid, by an appropriation of the pledge, but insists, that this is the legal effect of the foreclosure.

He must say, and he does say, that a recovery in an action of debt on this bond, would be, *per se*, a bar to an action on the note. Can this be so ? The note is not, and could not have been, mentioned or referred to, in the bond ;—it is not for the same sum ;—it was made three years after the bond. Other advancements and debts *must* have been included in the bond ; for the court found, in *February* 1824, less than a year after the making of the note, the sum of 1161 dollars, 30 cents due, whereas the note and interest would not have amounted to more than 320 dollars. Besides, it appears, that the bond and mortgage were given to secure the plaintiff for advancements to be made to *John C. Ely ;* and, I think, upon his individual responsibility. The transaction seems to speak such a

language. He would not advance, in *May* 1823, money on the bond and mortgage of 1820, but insisted on further security; and accordingly, the defendant became his indorser. This is the natural import of the transaction. But the defendant not only does not produce any testimony to prove, that the note was embraced in the bond and mortgage, but objects to parol testimony to shew, that it was not included. This proof, if admissible, shews, that the note was no part of the sum of 1161 dollars, 30 cents, which was received by the appropriation of the pledge ; and by what rule of law is it to be excluded ? Must not, in many cases, such proof be received ?

It is, however, insisted, that as it *might have been embraced,* then, when a recovery has been had, the court are bound to consider it *as embraced.* This proposition cannot be sustained. The doctrine of *Seddon* & al. v. *Tutop,* 6 *Term Rep.* 607. is in direct opposition to that idea. There, the plaintiffs declared on a promissory note, and for goods sold. There was a plea of a former recovery of 71*l.* 10*s.* for damages the plaintiffs had sustained for not performing the identical promises. Replication, that the promises were not the same. Issue was closed on that fact. It appeared, that in a former action, judgment was by default ; and on executing the writ of enquiry, there being a count on a promissory note and for goods sold, the plaintiffs not being prepared with proof as to the goods, took a verdict only on the note. It was objected, that as the plaintiffs might have recovered in a former suit for the goods sold, they ought not to recover in this suit. But the court directed a verdict for the plaintiffs, with liberty to the defendant to move to enter a nonsuit, if the court should be of opinion, that the plaintiffs were not entitled to recover. On a full discussion, the court of king's bench held, that the action was sustainable. The ground taken by the court, was, that the claim for the goods there made was not *now* made, though it is apparent it might have been. The court cite the case of *Hitchin* & al. v. *Campbell,* 3 *Wils.* 304., where to an action of *assumpsit* by the assignees of a bankrupt, the defendant pleaded a former judgment in an action of trover, brought by the plaintiffs against the defendant for the goods, for the money produced by the sale of which this action was brought : and on an examination of the facts, the court held it a bar, because the same question, *viz.* the right of the plaintiffs to the goods, had been tried and decided against them. They cite also two other cases, *Ravee* v. *Far-*

*mer,* 4 *Term Rep.* 146. and *Golightly* v. *Jellicoe,* 4 *Term Rep.* 147. n. in which awards were pleaded in bar of the plaintiff's demands. In both cases all matters *in difference* were submitted, but the claims now made were not then in controversy, and of course, were not submitted to the arbitrator. In neither case, was the award holden a bar.

Now, in all these cases, parol proof was received; the facts examined; and the decisions made on such proof.

Indeed, we have a case in 2 *Conn. Rep.* 431. which was well considered, and in which the true doctrine is laid down. *Bunnel* brought an action of debt by book against *Pinto.* The defendant pleaded in bar an award in pursuance of a submission of the book accounts of the parties. The plaintiff replied his action was brought for the recovery of certain articles of book account, which were not considered, awarded upon, or finally decided, by the arbitrator. To this replication the defendant demurred. It was adjudged sufficient, by the superior court; and that judgment was affirmed in this court. The court say, that "a book account is an indivisible claim, as much so as a promissory note." Again, commenting on the case of *Seddon* v. *Tutop,* above cited: " A person is not bound in an action at law, to unite different causes of action; and if he has done it, he may support one count, and omit to give evidence in relation to another."

I think it also quite clear, that had there been a judgment on this bond, as the bond did not mention or refer to the note, it could not operate to bar an action on the note. Nay, had the condition of the bond been, that this note and *other notes,* should be paid, it would be only another security, and might not operate a payment. Moreover, as the bill of foreclosure is silent as to the debts for which the pledge is to be appropriated, it would be very unjust to say, that this note was included in it, and thus paid; especially, as it appears, that the debts of the plaintiff against *John C. Ely,* the mortgagor, exclusive of this, were equal in amount to the value of the land.

I am, therefore well satisfied, that no new trial ought to be had; and that there is nothing erroneous in the judgment.

The other Judges were of the same opinion.

New trial not to be granted;
And judgment affirmed.