## John Rice *vs.* Albert H. Almy.

Where the consideration of a guaranty was alleged to be the taking by the plaintiff of the note guaranteed, " in settlement of a certain matter between *A* and the *defendant,*" when in fact it was a matter between *A* and the *plaintiff*, and it appeared that the declaration as originally drawn contained the word " plaintiff" instead of " defendant" and that the change was afterwards made by mistake and that attention was not called to it on the trial, and the judge, without noticing the erroneous averment, charged the jury that they were to find for the plaintiff if they found, among other things, the consideration of the guaranty to be the taking of the note in settlement of a matter between *A* and the *plaintiff*— it was held, that a new trial ought not to be granted on account of the mere literal disagreement between the charge and the averment.

The plaintiff had a lien upon certain machinery in Philadelphia for a debt owed him by *W*, the owner. The defendant proposed to buy the machinery of *W* and remove it to Connecticut, and it was finally arranged among all the parties that the plaintiff should take *W's* note for the debt with the defendant's guaranty, and that the defendant should take and remove the machinery. In a suit on the guaranty the plaintiff alleged the consideration of the guaranty to be the taking of the note of *W* by him in settlement of his claim. The defendant claimed that the evidence showed it to be, in whole or in part, the consent of the plaintiff to the defendant's taking and removing the machinery. Held that, as the plaintiff had no interest in the machinery except as security for his claim on *W*, and it was a matter of no importance to him what became of it after the guaranty of the defendant was substituted for his lien upon it, his acceptance of the note of *W* with the guaranty, in settlement of his claim upon the machinery, and not his consent to its removal, must be taken to be the real consideration for the guaranty.

Whether the principle of estoppels in pais may not be regarded as that on which all simple contracts are supported, the change of conduct of the promisee, induced by the promise, and which constitutes the consideration, estopping the promisor from denying the legal obligation of his promise ? If this be so, the rule, in determining in any given case what the real consideration is, is to ascertain what the promisee, or some other person for his benefit, has done or parted with in reliance on the promise.

Assumpsit on a guaranty; tried to the jury in the superior court, on the general issue, before *Pardee, J.*

The guaranty was as follows:—" Philadelphia, Sept. 15, 1862.   Mr. John Rice, sir :—Whereas Messrs. C. H. Williams & Co. have given their note to you for forty-seven hundred dollars, dated Sept. 15th, at six months, payable to the order of Philemon Coleman at the Farmers' & Mechanics' Bank, the contract for your locks with them having been renewed;—now

if the above note is not paid promptly at maturity, I obligate myself to pay the same on notice from you. Yours, &c.,

A. H. ALMY."

There were several counts in the declaration, but only the second was relied on, which was as follows:—" And the plaintiff further declares and says, that whereas C. H. Williams & Co. of said city of Philadelphia were indebted to the plaintiff by their note in the sum of forty-seven hundred dollars, payable in six months from the 15th day of September, 1862, at the Farmers' and Mechanics' Bank in said city, for value received; the defendant, for the consideration that the plaintiff would take said note in settlement of certain matters then and there pending between said C. H. Williams & Co. and the defendant, promised the plaintiff by a certain memorandum in writing that if said note was not paid promptly at maturity, he the defendant would pay the same on notice from the plaintiff. And the plaintiff says that confiding in said promise and undertaking of the defendant, he did accept said note of C. H. Williams & Co. in settlement of certain matters then and there pending, and that said note was not promptly paid at maturity, of which the defendant had due notice ; but that the defendant, not regarding his said promise and undertaking, has never paid said note or any part thereof, but has hitherto neglected and refused and still does neglect and refuse so to do, although thereto often requested and demanded."

On the trial the plaintiff introduced evidence to prove that he had at various times between December, 1861, and August, 1862, advanced to the firm of C. H. Williams & Co. sums of money, amounting in the whole to $4,700, and that he had a lien for that amount upon certain machinery for the manufacture of gun locks belonging to the firm and then in their possession in Philadelphia; that in August, 1862, the defendant was in Philadelphia, and proposed to Williams & Co. to buy the machinery, with the view of removing it to Norwich; that the defendant was then informed of the debt due from Williams & Co. to the plaintiff, and of the plaintiff's lien upon the machinery, and that the plaintiff would not consent to the removal of the machinery from Philadelphia until his debt was

paid; that the defendant thereupon informed the plaintiff that he would pay the debt, but by subsequent negotiations it was agreed that the plaintiff should take the note of C. H. Williams & Co., with the guaranty of the defendant for its payment; that the note and guaranty were accordingly given, and that the defendant thereupon, with the consent of the plaintiff, took possession of the machinery and removed it from Philadelphia to Norwich.

The defendant claimed that the evidence proved that a part if not the whole of the consideration of the guaranty was that the plaintiff should consent to the removal of the machinery, and requested the court to charge the jury that if they should so find their verdict should be for the defendant. The court refused so to charge the jury, but, after detailing the evidence, instructed the jury that if they should find that the guaranty was given in consideration that the plaintiff would take the note of C. H. Williams & Co. instead of cash, in settlement of certain matters pending between C. H. Williams & Co. and the plaintiff, then the taking of the note was a sufficient consideration for the guaranty, and was sufficiently set forth in the declaration.

The jury returned a verdict in favor of the plaintiff, and the defendant moved for a new trial for error in the charge of the court.

It appeared on the argument before this court, that, in the declaration as originally drawn, the word *plaintiff* had been written instead of *defendant* in the count here stated, in describing the settlement upon which the note of C. H. Williams & Co. was given, (*ante*, page 298, 13th line from top,) and that the word "plaintiff" had been afterwards stricken out and the word "defendant" inserted. This was admitted to be an error, and it appeared that attention had not been directed to it upon the trial.

*Hovey* and *Halsey*, in support of the motion.

1. In actions upon simple contracts the consideration is of so entire a nature that not only must it be proved to the extent alleged, but an omission to allege any part is fatal. 2 Stark.

Ev., 47 ; 1 Greenl. Ev., §§ 58, 66, 68; 1 Chitty Pl., 298, 299; *Curley* v. *Dean*, 4 Conn., 259; *Hendrick* v. *Seeley*, 6 id., 176; *Russell* v. *South Britain Society*, 9 id., 508.

2. There was a material variance between the allegations in the declaration and the proof, if the taking, by the plaintiff, of the note of C. H. Williams & Co. instead of cash, in settlement of certain matters pending between those parties, was the only consideration of the contract for the breach of which the plaintiff sought to recover; for the consideration alleged is the taking, by the plaintiff, of the note in settlement of matters pending between C. H. Williams & Co. and the *defendant.*

3. There was a material variance also between the allegations in the declaration and the proof, if the consideration or a part of the consideration of the contract declared on was, as the defendant claimed, that the plaintiff should consent to the removal from Philadelphia to Norwich of certain machinery of C. H. Williams & Co. upon which he had a lien.

4. Under the instructions given by the court, the jury might well suppose it to be their duty to return a verdict for the plaintiff, even if they found that it was a part of the consideration of the contract that the plaintiff should consent to the removal of the machinery referred to from Philadelphia to Norwich, if they also found that the taking by the plaintiff of the note of C. H. Williams & Co. instead of cash, in settlement of matters pending between those parties, formed another part of the consideration.

*Wait* and *Pratt*, contra.

DUTTON, J. In this case the plaintiff sought to recover on the following instrument:—"Philadelphia, Sept. 15, 1862. Mr. John Rice, sir:—Whereas C. H. Williams & Co. have given their note to you for forty-seven hundred dollars, dated Sept. 15, at six months, payable to the order of Philemon Coleman, at the Farmers' and Mechanics' Bank, the contract for your locks with them having been renewed;—now if the above note is not paid promptly at maturity I obligate myself to pay the same on notice from you. Yours, A. H. ALMY."

The plaintiff offered this in evidence under the second count in the declaration, the consideration stated in which, after the description of the note as above, was as follows:— "And the defendant, for the consideration that the plaintiff would take said note in settlement of certain matters then and there pending between said C. H. Williams & Co. and the *defendant*, promised the plaintiff by a certain memorandum in writing, that if said note was not paid at maturity he the defendant would pay the same on notice from the plaintiff." It appeared that, as the writ was originally drawn, the word "plaintiff" was inserted in connection with the statement of the settlement, but that afterwards, before the trial, this word had been erased, and the word "defendant" inserted. It further appeared that on the trial this count was treated as if the word "plaintiff" had been used instead of "defendant." In connection with the instrument aforesaid, the plaintiff offered in support of the same count, evidence of the following facts as detailed in the motion, to wit: "that he had at various times between the month of December, 1861, and the month of August, 1862, advanced to the firm of C. H. Williams & Co., of Philadelphia, sums of money amounting in the whole to $4,700, which amount was due to him from said firm, and that he, the plaintiff, had a lien or claim for that amount upon certain machinery for the construction and manufacture of gun locks belonging to and then in their possession in said Philadelphia; that in the month of August, 1862, the defendant was in Philadelphia, and proposed to the said C. H. Williams & Co. to buy of them the said machinery, with the view of removing the same to Norwich, and that the defendant was then informed of the debt due from the said C. H. Williams & Co. to the plaintiff, and of the plaintiff's lien or claim upon said machinery, and that the plaintiff would not consent to the removal of said machinery from Philadelphia until said debt was paid; that the defendant thereupon informed the plaintiff that he would pay the said debt, but by subsequent negotiations it was agreed that the plaintiff should take for said debt the note of the said C. H. Williams & Co. with the guaranty of the defendant for the payment thereof; that said

note and guaranty were accordingly given; that upon the said note and guaranty being so given the defendant with the consent of the plaintiff took possession of said machinery and removed the same from Philadelphia to Norwich."

This was the whole evidence in the case material to the question which was raised upon it. The defendant claimed that the evidence offered and admitted on the trial, proved that the consideration, or a part if not the whole of the consideration, of the contract for the breach of which the plaintiff sought to recover, was that the plaintiff should consent to the removal from Philadelphia to Norwich of the machinery aforesaid, and requested the court to charge the jury that if they should so find their verdict should be for the defendant. The court refused so to charge, but did charge the jury "that if they should find that said guaranty was given in consideration that the plaintiff would take the note of C. H. Williams & Co. instead of cash, in settlement of certain matters pending between the said C. H. Williams & Co. and the plaintiff, then the taking of such note was a sufficient consideration for such guaranty, and is sufficiently set forth in the declaration." We are satisfied that the charge could not be sustained upon the other counts in the declaration, and the whole case shows that it was made particularly with reference to the second count.

It is now insisted by the counsel of the defendant that it can not be supported with reference to that count, because that count speaks of a settlement between C. H. Williams & Co. and the *defendant*, whereas the evidence shows a settlement, if any, between C. H. Williams & Co. and the *plaintiff*. We think a new trial ought not to be granted on this ground. It was evidently a mere clerical mistake. The case was tried as it would have been tried if the declaration had remained as it was originally. So far as this point is concerned the effect of granting a new trial would be merely to give the plaintiff an opportunity to restore the declaration without cost to its original condition, when of course the objection to a recovery would be removed. So far as this question is concerned substantial justice has been done.

But the defendant further insists that there was sufficient evidence of a variance between the consideration alleged in this count and the consideration proved, to have made it the duty of the court to leave the question of fact whether there was such a variance to the consideration of the jury. This question deserves a more careful consideration. It is a well settled rule of law that the plaintiff must prove the precise consideration which he has alleged, and that if it appears that the real consideration included something which is not alleged, or excluded something which is alleged, the action must fail. 1 Chitty Pl., 298. We admit fully the authority and the importance of this rule. At the same time it is a mere technical rule of pleading, and generally does not affect the substantial merits of a case. It ought not therefore to be applied, as the effect will often be a delay of justice, unless it appears that it is imperiously demanded to preserve the integrity of the rules of pleading. Probably no rule of law has given rise to a greater multitude of cases and to a greater diversity of decisions than that which requires that a simple contract can not be supported without a sufficient consideration. Many judges in giving opinions, and many authors of text-books, have endeavored to give a correct definition of such a consideration; but it is believed that it would be in vain to search in the most complete law library for one that would prove to be complete and logically accurate. At one time it appeared to be a favorite definition that if there was damage to the promisee or benefit to the promisor, there was a sufficient consideration. But a little reflection will show that there might be multitudes of cases cited or supposed, where the promisee loses nothing, and the promisor gains nothing, and yet there is a sufficient consideration. As if the father of a bridegroom should promise to pay to the bridegroom one thousand dollars, if the father of the bride would furnish to the bride furniture of equal value. This would undoubtedly be a good contract so far as the consideration is concerned, although the promisee loses nothing, and the promisor gains nothing, of any pecuniary value. Other attempts to define a sufficient consideration have proved equally defective. If we trace the rule back to its foundation

we may succeed in giving a more satisfactory definition. Every sufficient consideration, though not technically an estoppel, contains the substantial elements of an estoppel in pais. One man by a promise induces another to change his situation ; if he is allowed to deny the validity of the promise he is enabled to perpetrate a fraud. He injures another by a false promise. This the law will not permit and therefore holds him to the fulfillment of his undertaking. If A buys a horse of B and obtains a bill of sale of it, on a promise by him to deliver to the vendor a yoke of oxen, he would get the horse for nothing if he is not obliged to deliver the oxen. This would be a manifest fraud on the vendor. The same result would be found to be true in every case. We can deduce from this fact the rule, that if a man by a promise induces the promisee or some other person on account of or for the benefit of the promisee, to do some act or part with some chattel, title, interest, privilege, or right, which the law regards as of some value, there is a sufficient consideration for the promise. To ascertain what the consideration of a promise is therefore, is to discover what the promisee or such other person did or parted with on the strength of the promise.

To apply this rule to the present case, what did Rice the promisee part with on the ground of the defendant's promise of guaranty ? He had a debt of $4,700 against C. H. Williams & Co., secured by a lien on their machinery. The case states that the defendant, wishing to obtain the control of this machinery, promised at first to pay this debt in cash, but it was afterward arranged that C. H. Williams & Co. should give their note for the debt and the defendant should guarantee it. The transaction evidently was, that this note and guaranty should be substituted for the original debt and lien. The defendant by his promise to guarantee the debt induced the plaintiff to relinquish his original debt and lien. The relinquishment of this debt and lien was the true and only consideration of the promise. The facts furnished evidence of the satisfaction of the original claim by the note and guaranty, and the jury under the charge of the court found that this was the nature of the transaction. The lien which pertained

to the original debt was of course discharged. On this view of the case the charge was clearly correct. But it has been strenuously and ingeniously urged that from the statement of the evidence it may be inferred that the plaintiff consented to the removal of the goods to Norwich. But if it could be inferred that such a consent was given in due form, still if the lien was gone it would have been nugatory, and would have constituted no consideration or part of a consideration. The plaintiff had no consent to give. By parting with the lien he lost all interest in the property and all control over it. But it can not be inferred that any consent to the removal of the machinery to Norwich was given, without paying more regard to the mere words of the motion than to the fair import of the whole statement. The plaintiff said nothing about the machinery going to Norwich. He merely objected to its being removed from Philadelphia, where he held his lien, till his debt was paid. When his debt was paid or secured it was nothing to him what became of the property. There is nothing in the motion from which the slightest inference could be drawn that the plaintiff had any connection with its removal to Norwich, except the last clause of the statement of the evidence, to wit: "that upon the said note and guaranty being given, the defendant, with the consent of the plaintiff, took possession of the said machinery and removed the same to Norwich." If the language had been, what a slight transposition would make it, "the defendant took possession of the machinery with the consent of the plaintiff, and removed the same to Norwich," it would have been perfectly consistent with the nature of the transaction, and would have more accurately expressed what was intended. To grant a new trial under such circumstances would be contrary to the views of Storrs, J. in *Allen* v. *Jarvis*, 20 Conn., 47, whose language may well be adopted. "There has been for some time past," he remarks, "a disposition on the part of courts, and one which we are not disposed to check, to abolish the refinements which once prevailed on the subject of variances; and much less strictness of proof is now tolerated than formerly. We feel no inclination to retrograde in this respect, as we should

if we allowed an objection bordering so much on subtilty as the one here made."

A new trial is not advised.

HINMAN, C. J. was of opinion that a new trial should not be granted, concurring in the general views expressed by Judge Dutton. McCURDY and PARK, Js., were of opinion that the charge of the judge did not sufficiently meet the demands of the case, and that a new trial should be granted.

NOTE. The reporter, in a note to the case of *Calhoun* v. *Richardson*, 30 Conn. Reps., 231, noticed the analogy which the learned judge in the foregoing case suggests, between the principle of contracts and that of estoppels in pais. Whether, as here suggested, the principle of estoppel comes to the aid of that of contracts, or, as there, the principle of contracts to the aid of that of estoppel, the close affinity between the two is a point of much interest. It is however very questionable whether the case which the judge supposes, and which, with the class to which it belongs, seems to call for the application of some new principle, and for a new definition of the term " consideration," is not explainable upon the ordinary principles which are applied to the consideration of contracts. The case is this :—*A*, the father of a bridegroom, promises to pay to the bridegroom $1,000, if *B*, the father of the bride, will furnish the bride furniture to that amount. Here, the learned judge remarks, the promisee loses nothing and the promisor gains nothing of any pecuniary value. It is evident that the promisee, as understood by the judge, is the bridegroom. But can he be said to be the promisee ? There can be *an agreement to pay* a third person, but can a *promise* be regarded as made to any person except the other party in the contract ? Here *A* and *B* agree that *A* will give his son $1,000 and that *B* will give his daughter furniture of that value. The agreement is between *A* and *B*, and *B*, not the son, is the promisee. The promise is made for the benefit of the son, but only to *B*. It is a mooted question whether the son could maintain a suit on the promise. It is clear that *B* could, and if the son could do it, it would be under an exception, not to the general rule as to the consideration of contracts, but to the general rule as to parties to actions. It is obvious that it will not do to suppose a mere promise to the son to pay him the $1,000 if *B* should give his daughter the furniture, for such a promise, addressed solely to the son, and predicated on no previous agreement with *B*, would be either a promise upon the condition of *B's* giving the furniture, as a mere accidental event, which could not have been intended ; or it would leave it to the son to procure from *B* the gift of the furniture, which would be the more reasonable construction, in which latter case it could not be said that the promisee had done nothing. In either aspect the supposition is an unnatural one, and we are compelled to fall back upon a previous agreement between *A* and *B*. Such a previous agreement would be valid, as the promise of each party would sustain the promise of the other. The payment under the agreement would be merely the performance of the agreement, which would furnish a consideration for the payment or for a note given for the amount. If *A* should give his son a note for the

$1,000, we have then a clear case of a valid promise where the promisee (now the son) has done nothing, and the promisor has received nothing. But the agreement with B has created an obligation on the part of *A* to pay his son $1,000, and a legal obligation is always a valid consideration for a promise to pay it. The implied promise in indebitatus assumpsit is founded on an existing indebtedness. It is questionable however whether it be strictly correct to say that in such a case the promisor receives nothing. If he merely gives a note on demand for an existing debt already due, he is merely giving written form to a promise already existing. If however he gives a note on time, or on any favorable condition not involved in the previous obligation, he has received an extension of credit and forbearance of suit, or other benefit from the terms of the note, which are a good consideration in themselves.

A good illustration of a promise where the promisor receives nothing and the promisee parts with nothing, is furnished by a subscription to a charitable object. Here a single subscription standing alone is not obligatory because there is no consideration. Where, however there are several subscriptions, they have all been sustained by regarding each as the consideration of the others. This doctrine is now much questioned, but it rested on the fiction of an agreement among the subscribers that each would subscribe if the others would. Where such an agreement is not a fiction, but a fact, as in the nature of the case we are considering it must be, there can be no doubt that the promise made in performance of that agreement would be supported by the agreement itself. It is somewhat like the case where a parol contract lying back of a written instrument has been allowed to be proved, because the written instrument was regarded as given in performance of the parol contract, which therefore was not merged in or superseded by it. See *Clarke* v. *Tappin,* ante, page 56 ; *Galpin* v. *Atwater,* 29 Conn., 93.

While it is very questionable whether the case supposed presents any anomaly under the established theory of contracts, it is questionable whether there is not a serious difficulty in applying the doctrine of estoppel in pais to a plaintiff who is a promisee without having furnished the consideration. In the case supposed, if the son were to sue the father on his promise to pay the $1,000, it is not easy to see how the former could set up an estoppel against a denial by the latter of the validity of his promise. The principle of estoppel in pais is purely an equitable one, and an equity of the particular case and between the particular parties. A party shall not be permitted to prove a certain fact because he has represented a different state of things to exist and the other party has been led by such representation to a certain course of conduct. It is simply inequitable *as to that party* that he should be allowed to deny his former representation. But in the case supposed the plaintiff has not changed his conduct. He has done nothing and has parted with nothing—that very state of things creating the supposed necessity for invoking the aid of the estoppel to solve a difficulty for which the general law of the consideration of contracts furnished no solution.

But whatever may be the correct view with regard to the relation of the principle of estoppels in pais to that of the consideration of simple contracts, either by way of direct application or of analogy, it is very clear that where a contract is not in writing, or where, if it is, the consideration is not stated in the contract, and the consideration, while proceeding from the promisee, is involved in a complicated state of facts, the true test, in ascertaining what the exact consideration is, is to inquire what the promisee has done or parted with, precisely as we should inquire

into the conduct upon which a claim of estoppel is based—the two principles, running so nearly parallel at many points, perfectly coinciding here.

The suggestions of the learned judge upon the point under consideration are given only as his own private views and are not the authoritative determination of the court, and the question is therefore left open for discussion. Lest however it should seem to any one indecorous in the writer to assume to criticise these views, he would state that the judge, with whom he has conversed on the subject, not only assents to the insertion of this note, but regards the full discussion of the question as important and desirable.                              *R.*

---

# SUPREME COURT OF ERRORS.

## TOLLAND COUNTY, NOVEMBER TERM, 1864.

### Present,

### HINMAN, C. J., DUTTON, BUTLER AND PARK, Js.