JOHN B. WATERS *vs.* LINDA H. WHITE ET AL.

First Judicial District, Hartford, May Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A material fact cannot be said to have been found without evidence, if there is some testimony in its support—although slight—and none to the contrary.

An agreement to forbear the exercise of a legal right, made at the request of another, is a sufficient consideration for the latter's promise.

The plaintiff, having been induced by *A's* fraud to make him a loan, was about to recall it, when *A's* wife interposed and, at her request, the plaintiff agreed to let the loan stand, provided she would also sign the note, which she did. *Held* that there was a sufficient consideration for the wife's undertaking, and that the note was a valid obligation against her.

The finding on appeal did not expressly state that the plaintiff made an actual agreement to forbear, but facts were found which clearly warranted such a conclusion, while the memorandum of decision asserted that there was "a definite understanding between the parties, whereby the plaintiff became bound to rely on the note and to wait until it became due." *Held* that although this statement or conclusion of fact was not, strictly speaking, a part of the record, nevertheless, in the interests of justice, this court would treat it as if incorporated in the finding proper.

Argued May 8th—decided June 11th, 1902.

ACTION by the payee against the makers, to recover the amount of a promissory note, brought to the Court of Common Pleas in Hartford County and tried to the court, *Coats, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant Linda H. White for alleged errors in the rulings and findings of the court. *No error.*

The case is sufficiently stated in the opinion.

*John W. Coogan* and *Leslie W. Newberry,* for the appellant (defendant Linda H. White).

*Albert C. Bill,* for the appellee (plaintiff).

TORRANCE, C. J.    The defendants, Weston L. White and Linda H. White, are husband and wife.    The complaint alleges that they signed and delivered to the plaintiff the note in suit, which at maturity they did not pay.

The husband filed no answer in the case.    The wife filed an answer in which, while admitting the making, delivery and nonpayment of the note as alleged in the complaint, she alleged that it was given wholly without consideration on her part, and further, that it was obtained from her by threats, intimidation and duress.    This the plaintiff denied.

The material facts found are these : On the 16th of July, 1901, the husband, by means of certain false representations made to the plaintiff to obtain a loan from him of two hundred dollars, induced the plaintiff to make said loan, and to take the husband's note for $210 dated on that day, and payable to the order of the plaintiff sixty days from date at a designated bank.

Within an hour after making the loan the plaintiff was informed and believed that the representations made to him by the husband, to obtain said loan, were false, and " he then determined to repudiate the whole transaction and get his money back."    He went at once to the husband's office for that purpose, but not finding him there went to his house, and there saw the wife, and told her about the loan, the false representations, and the giving of the note by her husband, and " that he had come to see her husband to get his money back.    Thereupon the defendant Linda H. White requested the plaintiff to wait until the note became due, assured him that it would then be paid, and, in order to induce the plaintiff so to wait, agreed to sign the note, and did then and there sign it, with the acquiescence of the plaintiff, placing her name above that of her husband in the usual place for the signature of the name of a maker, and said to the plaintiff that she presumed her husband would repay a part of the money if he would come to the house after her husband's return that same night.    Induced by the representations of the said Linda H. White, and relying on her signature to said note, the plaintiff—except that he returned to the house that

night after the return of Weston L. White—took no further steps towards repudiating the transaction or getting his money back, but put the note in the bank where it was made payable and waited until the note became due."

In the memorandum on the motion to correct the finding, the court says : " It is doubtless true that the evidence disclosed no express agreement, either by writing or by word of mouth, whereby in so many words the plaintiff agreed to rely on the note and wait till it became due before taking any action to get his money. If, however, the question of duress be disposed of by finding that there was no duress, the conclusion becomes irresistible from the evidence that there was a defi-nite understanding between the parties whereby the plain-tiff became bound to rely on the note and wait until it became due." .

The wife claimed that upon the facts found the note on her part was without consideration. The reasons of appeal allege that the court erred (1) in overruling said claim ; (2) in find-ing, without evidence, that the representations made by the husband to the plaintiff when the loan was obtained were false to the husband's knowledge ; (3) in finding, without evidence, that the plaintiff induced by the representations of the wife, and relying on her signature to the note, took no further steps towards repudiating the transaction or getting his money back. The evidence bearing upon these last two claims is made part of the record.

As to the last of these claims we think the finding objected to is fully supported by the evidence.

With reference to the second of these claims, it must be admitted that the evidence is neither clear nor strong that the husband made false representations when he obtained the loan from the plaintiff ; still there was some evidence of that fact. The plaintiff gave some testimony upon this point, and none of the defendant's witnesses, not even the husband, testified to the contrary. There was some evi-dence upon the point for the trial court to weigh and con-sider, and the record does not show that the court erred in finding as it did upon the point in question.

This leaves for consideration the main question in the case, whether the note was without consideration on the part of the wife.

It is quite clear from the finding, that the note as to her was without consideration, unless the claimed forbearance of the plaintiff to enforce his claim against the husband, at her request, constitutes such a consideration. It is equally clear from the record, that when the wife signed the note the plaintiff had the right, as against the husband, to repudiate and rescind the transaction between them, and to enforce at once a return of the loan. If he agreed to forbear to exercise that right, at the wife's request, that would clearly constitute a sufficient consideration for her promise. *Sage* v. *Wilcox*, 6 Conn. 81, 83; *Pratt* v. *Humphrey*, 22 id. 317; *Mascolo* v. *Montesanto*, 61 id. 50. The defendant claims that if the plaintiff merely forebore, in fact, at her request, to exercise his right, without agreeing to do so, this would not constitute a consideration; and that the record does not find that he agreed to forbear. Whether this claim of law is correct or not we have no occasion to consider here, for we think the record does in effect show that the plaintiff agreed to forbear to exercise his right as the consideration for the wife's signature. The court has found facts which clearly warrant the conclusion of an agreement to forbear. It has found that the plaintiff in effect took a separate note from the wife based upon his forbearing to exercise his right to enforce the immediate return of the loan, and that he actually has forborne ever since to exercise that right. Facts like these, in the absence of any proof to the contrary, have been held to be " incompatible with any other supposition " than that of an agreement to forbear. *Breed* v. *Hillhouse*, 7 Conn. 523, 528. The taking of a promissory note for an antecedent debt has been held to impose upon the creditor an obligation to wait for his pay till the note matures, without any agreement to that effect, and the delay thus secured has been held to be a sufficient consideration for the note. *Thompson* v. *Gray*, 63 Me. 228. The court has thus found facts which, in the absence of all facts to the contrary, lead to the conclusion that the plaintiff did agree to forbear.

In addition to this, the record discloses in a memorandum signed by the trial judge, but not a part of the finding, "that there was a definite understanding between the parties whereby the plaintiff became bound to rely on the note and wait till it became due." That statement should have been put into the finding proper, instead of being left in a memorandum relating to the amendment of the finding, and we think we are acting in the interests of justice when we read it as a part of the finding. It follows from this that there was a good consideration for the promise of the wife, and that the judgment of the trial court must stand.

There is no error.

In this opinion the other judges concurred.