### JAMES SIMONE *vs.* FRED F. KIRSCHNER.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and HINMAN, Js.

The rule that parol evidence is inadmissible to vary a writing, does not forbid proof of a subsequent oral agreement between the parties, although that may alter the effect of the original writing or contract. Accordingly, the maker of a promissory note when sued thereon, may allege and prove a subsequent oral agreement, based on a sufficient consideration, to extend the time of payment of the note.

Argued January 29th—decided March 1st, 1924.

ACTION by the payee against the maker of a promissory note, brought to and tried by the District Court of Waterbury, *Peasley, J.;* facts found and judgment rendered for the plaintiff for $416, and appeal by the defendant. *Error and new trial ordered.*

By the note sued upon, dated November 21st, 1921, the defendant promised to pay the plaintiff $400 six months after date. The defendant, by his answer, admitted the giving of the note, but alleged by way of special defense that the plaintiff was employed by the defendant as an agent for the sale of automobiles; that

some time after the execution of the note the defendant placed an automobile in the possession of the plaintiff under an agreement that the plaintiff would endeavor to sell the automobile and from the proceeds of such sale deduct and pay himself the amount of the note, and that he would not demand payment of the note until he had either sold the automobile or returned it to the defendant; that the plaintiff took the automobile into his possession under this agreement and still retains it.

The defendant, for the purpose of proving the allegations of his special defense, offered evidence of a conversation between the plaintiff and the defendant some time after the note was given, and that the plaintiff then agreed to wait for the payment of the note until the automobile was sold or returned. The court, upon objection that the defendant thereby sought to vary, by parol evidence, the terms of the note, excluded the evidence, and thereafter also ruled that no defense was alleged which could be proved against the parol evidence rule. The defendant assigns these rulings as error.

*James M. Lynch,* with whom was *John H. Burns,* for the appellant (defendant).

*Alfonse C. Fasano,* with whom was *Frank Crapanzano,* for the appellee (plaintiff).

HINMAN, J. The rule against the admission of parol evidence to vary a written instrument does not apply to the establishment by parol of an agreement between the parties entered into subsequent to the time when the instrument was executed, notwithstanding such agreement may have the effect of changing the contract evidenced by writing. Such parol evidence does

not controvert the original agreement but seeks to establish that the parties have, for a legal consideration, by a subsequent, distinct and separate transaction, exercised their right to change the terms of that agreement. *Shopper Publishing Co.* v. *Skat Co.*, 90 Conn. 317, 97 Atl. 317; *Barber* v. *Brace*, 3 Conn. 9; 5 Wigmore on Evidence, § 2441; 22 Corpus Juris, p. 1273, § 1693. In such case the effect of the admission of evidence as to the subsequent agreement is not to vary the original written contract, but to tend to prove a new agreement. An oral agreement, made subsequent to the execution of a note, extending or otherwise changing the time of payment specified in the note, is well within this class of transactions and may be proved by parol. 10 R. C. L. p. 1034; *Low* v. *Treadwell*, 12 Me. 441; *Grafton Bank* v. *Woodward*, 5 N. H. 99; *Farnham* v. *Ingham*, 5 Vt. 514; *Ferguson* v. *Hill*, 3 Stew. (Ala.) 485, 21 Amer. Dec. 641.

Such an agreement for extension of time for payment, since it involves a promise by the holder to forbear, must be supported by a consideration, but there is such a consideration if the debtor does, or promises to do, something further or different from that which he is bound to do. The placing of the automobile in the possession of the plaintiff, as alleged in the special defense, under the conditions therein set forth, would, if established, constitute a sufficient consideration for an agreement changing the time for payment of the note.

There is error and a new trial is ordered.

In this opinion the other judges concurred.