ANNA LINVITZ *vs.* ELIZABETH GALECKIS.

First Judicial District, Hartford, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 2d—decided October 25th, 1929.

*Wilson C. Jainsen,* with whom was *Ernest W. McCormick,* for the appellant (defendant).

*Terry J. Chapin,* for the appellee (plaintiff).

BANKS, J. On May 4th, 1927, the defendant's husband, who was then conducting a meat market in Hartford, borrowed $500 from the plaintiff and gave the plaintiff and her husband his note for the same. The defendant was possessed of considerable property of her own and at various times advanced money to her husband to assist him in his meat business and paid some of the bills of the business. The plaintiff made several unsuccessful attempts to collect the note, asking both the defendant and her husband for its payment, and on one or more of these occasions the defendant promised to pay it. In April, 1928, the defendant and her husband quarreled and the defendant went to live with the plaintiff and her husband. In June, 1928, the meat market owned by the defendant's

husband was closed by a sheriff and the plaintiff placed her claim in the hands of an attorney who prepared a note for $500 payable on demand to the order of the plaintiff and delivered it to a constable for the purpose of having it signed by the defendant. The constable went to the home of the plaintiff and in her presence and that of her husband requested the defendant to sign the note. The defendant was unwilling to sign it and said that the plaintiff and her husband had bothered her every day for the money and that she could not continue to live with them much longer because they were driving her almost crazy. The constable told her that if she would sign the note she would not be bothered again and could continue to live with the plaintiff without any trouble. Thereupon, on being assured that the plaintiff would not rush her for payment, and upon an agreement that no interest would be charged, she signed the note in suit. The plaintiff at no time expressly promised the defendant to forbear suit against the latter's husband upon his note, but no attempt was made by her to collect upon that note after the defendant had executed the note in suit. The husband's note was at no time delivered up to the defendant by the plaintiff, but was retained by the plaintiff and her husband, and was produced at the trial by the plaintiff's attorney. The court found, by inference from these facts, that the note in suit was received in lieu of and in payment of the note executed by the defendant's husband, and reached the conclusion that the note in suit was given for a valid consideration. Upon the trial the defendant claimed that there was no consideration for her note and that it was executed by her under duress. Upon the argument in this court the latter claim was withdrawn and defendant rested upon the contention that the conclusion of the trial court that there was

a valid consideration for her note does not find support in the subordinate facts found.

The consideration, if any, for the note in suit is to be sought in the claimed agreement by the plaintiff to forbear suit upon the note given by the defendant's husband. Such an agreement, if proven, would constitute a sufficient consideration for the defendant's note. The court does not find that there was such an agreement, but on the contrary finds that the plaintiff at no time expressly promised to forbear suit upon the husband's obligation, and that the question of such forbearance was never discussed by the parties. It is found, to be sure, that the plaintiff made no further attempt to collect the husband's note after the note in suit was executed. Actual forbearance is some evidence of an agreement to forbear, and in the absence of proof to the contrary might be incompatible with any other condition. *State ex rel. Marsh* v. *Lum*, 95 Conn. 199, 204, 111 Atl. 190. But here the other facts found make it clear that the plaintiff's forbearance to sue the husband was because such action would have been fruitless. His meat market had been closed by the sheriff and the only reasonable inference from the facts found was that the defendant was the only source from which the plaintiff had any expectation of getting her money. Not only was the plaintiff's failure to sue the husband of no immediate advantage to him, but under the circumstances, it is obvious that it was not the moving consideration which led the defendant to execute the note in suit. She had quarreled with her husband and was not living with him. She did not request the plaintiff to forbear to sue him, for that matter was not discussed between them. She was living with the plaintiff, who bothered her every day with her demands for the money so that she could not continue to live with her much longer under the circumstances.

178

She was told by the constable that if she would sign the note she would not be bothered again and could continue to live with the plaintiff without trouble. It is obvious that this was the inducement which caused her to sign the note rather than any possible advantage accruing to her husband from whom she had separated. Furthermore, the court's inference that the note in suit was received in payment of the note given by defendant's husband does not find support in the facts found. That note was retained by the plaintiff and produced at the trial by her attorney. The only conclusion that could legally and logically be reached from the subordinate facts found is that there was no valid consideration for the note in suit.

There is error, and the cause is remanded to the City Court of Hartford with direction to enter judgment for the defendant.

In this opinion the other judges concurred.