THE SAVINGS BANK OF ROCKVILLE vs. DORA COHN
ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 7th—decided April 11th, 1933.

*Harry L. Nair* and *Bernard C. Kamerman,* with whom, on the brief, was *Solomon Elsner,* for the appellants (defendants).

*Benedict E. Lyons,* for the appellee (plaintiff).

HINMAN, J.   The complaint alleged that the assumption agreement sued upon was executed by the defendants as trustees for the purpose of obtaining forbearance of the plaintiff to call for payment of its note in full and foreclose the mortgage securing it, and, in a second count, that the defendants executed the agreement without any express authority under the will or from the Court of Probate, exceeded their powers, and thereby contracted personally.

The plaintiff is the holder of a note for $18,000 secured by first mortgage on premises in Hartford, executed by Isaac and Sarah Tamaren, payable on demand with interest payable semiannually in advance upon the first days of January and July.  The mortgaged premises consist of a lot with a six-family brick house and a seven-car garage thereon.  On November 13th, 1926, the defendants Cohn and Elsner qualified as trustees under the will of Jacob Cohn, deceased, and are still such trustees.  One of the items comprising the trust created by the fifth clause of the will was a note collaterally secured by three mortgages, one of which was a second mortgage on the premises above mentioned.  On August 22d, 1929, the trustees

acquired title to these premises by foreclosure of that mortgage. Soon afterward Mrs. Cohn advanced about $1700 for taxes and interest and from then until June 2d, 1931, she collected all of the income from the property and applied it upon moneys advanced by her and for repairs. On December 28th, 1929, the trustees paid the plaintiff interest in advance for the six months from January 1st, 1930, to July 1st, 1930.

Shortly before March 25th, 1930, the plaintiff mailed to the defendant trustees a letter requesting that, in view of the fact that the title to the property had vested in them, they execute an assumption agreement in favor of the bank, a form for which, dated March 25th, 1930, was enclosed. The defendants did not then sign it and the plaintiff subsequently telephoned them, and on April 14th wrote a second letter. Shortly thereafter the defendants signed the agreement, which set forth that they "do hereby, jointly and severally for value received, and especially for the consideration of one dollar, received to our full satisfaction of The Savings Bank of Rockville, promise and agree to pay said note, and the interest thereon, promptly according to its tenor, and to keep the buildings on said premises insured to the satisfaction of the said The Savings Bank of Rockville."

On May 13th, 1930, the plaintiff made an inspection of the property and on May 23d wrote a letter to the trustees in which it demanded that certain repairs be made or that the mortgage be reduced at the rate of $1000 each six months beginning July 1st. Subsequently and during the year 1930 the trustees installed a new boiler and replaced the roof on the property, which, together with other repairs, cost approximately $800. The trustees did not communicate this fact to the plaintiff nor did they make any accounting for the moneys they collected, although requested to do

so.  On June 2d, 1931, the plaintiff insisted on an assignment of rents because of failure to keep the property in proper repair and because of vacancies.  Thereupon the plaintiff drafted an assignment which was submitted to the defendants for execution and on June 2d it was executed by them, but the words "including a debt to the grantee herein" which followed "in consideration of one dollar and other considerations" were deleted by them prior to execution.  Subsequent to the execution of this assignment the plaintiff went into possession and assumed control of the mortgaged premises to protect its security from further waste, through an agent managed the property, rented apartments, fixed rentals, and made extensive repairs, and the defendant trustees have been out of possession ever since.  The property is now of much less value than the plaintiff's mortgage debt, and the plaintiff does not care to own and care for it.  In the foregoing condensed statement of facts found we have embodied minor corrections of the finding which we deem justified and material.

The trial court found, further, (a) that the trustees knew that the plaintiff intended to foreclose the mortgage at the next interest date if they did not sign the assumption agreement; (b) that forbearance to foreclose and the collection by the trustees of rents for more than one year constitute the "value received" recited in the agreement; and (c) that there was no understanding or agreement that the trustees or the estate were relieved of their obligation under the assumption agreement by the execution of the assignment of rents.  The appellants attack these findings as being made without evidence.  As to (a), we discover no evidence of threat or intimation by the bank to the trustees that foreclosure would be resorted to unless the agreement was signed, or other facts from

which knowledge of such an intention, if it existed, is to be imputed to the trustees. Therefore, this finding lacks support by evidence. As to (c), the defendants claimed that, contrary to this finding, the assignment of rents was made upon the understanding of both parties that the plaintiff would resort only to the mortgaged premises for collection of the debt. Reliance was placed upon the fact that the words "including a debt to the grantee herein" were deleted by the defendants from the draft of assignment made by the plaintiff and submitted to them and it was accepted by the plaintiff as so amended. The finding is that the assignment of rents was required because of the defendants' failure to repair the property, and the number of vacancies. No fact suggests that the obligation of the defendants under the assumption agreement was at all involved in the transaction, or any reason for attributing to the amendment the significance now claimed for it by the defendants or that the plaintiff should have so understood it. It is manifest that if the plaintiff knew or had any intimation that it might be claimed that the amendment in question effected or could effect substitution of a mere privilege of collecting rents for its right of recourse to the defendants and the estate in addition to its mortgage security, it would not have been accepted. The plaintiff cannot be held by implication to have understood the omission as intended to work a forfeiture of that right.

The conclusion reached by the trial court that the assumption agreement was supported by an adequate and legally sufficient consideration depends upon the finding (b) that the consideration consisted of forbearance to foreclose and continued collection by the trustees of income from the mortgaged premises. An agreement by the plaintiff with the defendants to forbear

to take proceedings to foreclose the mortgage would constitute a sufficient consideration for the assumption agreement. *Linvitz* v. *Galeckis,* 110 Conn. 174, 177, 147 Atl. 592; *Waters* v. *White,* 75 Conn. 88, 91, 52 Atl. 401; *Mascolo* v. *Montesanto,* 61 Conn. 50, 23 Atl. 714; *Prime* v. *Koehler,* 77 N. Y. 91; 1 Page, Contracts, § 550. But forbearance to exercise a legal right, without request or agreement, is not sufficient, although actual forbearance, if incompatible with any other supposition or condition, combined with other significant circumstances, may suffice to establish such an agreement. *Linvitz* v. *Galeckis, supra, p.* 177; *Waters* v. *White, supra,* p. 91; *State ex rel. Marsh* v. *Lum,* 95 Conn. 199, 203, 111 Atl. 190; *Breed* v. *Hillhouse,* 7 Conn. 522, 527; 74 A. L. R., note, p. 301 *et seq.* The trial court did not find that there was an agreement to forbear, without which, as we have seen, the actual forbearance does not afford the requisite consideration for the assumption agreement.

It appears that at the time the assumption agreement was demanded and when it was executed, interest had been paid in advance to July 1st, 1930, and there was then no other default. The reception of interest in advance upon a note is prima facie evidence of a binding contract to forbear and delay the time of payment so that recovery cannot be had during the period for which the interest had been paid. *Skelly* v. *Bristol Savings Bank,* 63 Conn. 83, 26 Atl. 474. Therefore, at the date of the agreement, the plaintiff had no present right to foreclose and an agreement to forbear foreclosure, if made in connection with and inducing the assumption contract, would, as to such present right, bind the plaintiff to do nothing further than it was already bound to do. *Cook* v. *Bradley,* 7 Conn. 57; *Blakeslee* v. *Water Commissioners,* 106 Conn. 642, 651, 139 Atl. 106; *Simone* v.

*Kirschner,* 100 Conn. 427, 429, 124 Atl. 20; *Rice* v. *Almy,* 32 Conn. 297, 304; 1 Williston, Contracts, § 136. The defendants urge also that the fact that in May, about two months after the assumption was executed, the plaintiff demanded that certain repairs be made or, as an alternative, the mortgage be periodically reduced, is inconsistent with the existence of an agreement to forbear foreclosure. We are unable to determine whether, notwithstanding, other circumstances together with the forbearance could have been found sufficient to warrant a finding of the existence of an agreement to forbear.

The continued collection of rents by the trustees, in order to afford consideration for the assumption, also must have been pursuant to an agreement to that effect induced by compliance with the request for assumption of the mortgage. No such agreement is found, nor does it appear that in collecting the rents thereafter the trustees exercised any further privilege than they were entitled to, without any such agreement, as owners of the equity in possession of the property.

The result is that the finding must be so corrected as to leave without support the vital conclusion as to the existence of consideration for the assumption agreement.

There is error and a new trial is ordered.

In this opinion the other judges concurred.