## FREDERICK HOFMANN *v.* RAYE DEFELICE

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued October 6—decided November 29, 1949.

*William L. Beers,* with whom, on the brief, was *Nelson Harris,* for the appellant (plaintiff).

*Alfonse C. Fasano,* with whom, on the brief, was *B. Fred Damiani,* for the appellee (defendant).

DICKENSON, J.   In this action the plaintiff sought to recover from the defendant on a forbearance contract.   The defense was fraudulent misrepresentation in procuring the contract and lack of consideration for it.   The trial court rendered judgment for the defend-

ant on the latter ground. The plaintiff has appealed from the judgment, assigning error in the finding and the conclusions thereon.

Between the years of 1925 and 1930, when the defendant was a child, her parents, Dominick and Pauline DeFelice, purchased of the plaintiff household furniture at a price of $1200. The defendant was twenty-one years old in February, 1947. On June 1, 1947, her parents, with whom she lived, owed the plaintiff an amount in excess of $175 on the furniture bill. About January 1, 1947, and thereafter, the plaintiff through his attorney demanded payment of the bill of the defendant's parents and of the defendant. The trial court found that, because of such demands and because she was afraid she was in some way personally liable for the debt, the defendant went to the office of the plaintiff's attorney and after a talk with his secretary signed the contract recited below. In the form of conclusions (see Conn. App. Proc. § 82), the trial court further found that the bill was not collectible from the parents as a practical matter and was barred by the Statute of Limitations; that the defendant signed the contract because she thought she was personally liable; that, while it is recited in the instrument that the consideration is forbearance to sue the defendant's parents, the real consideration was forbearance to sue the defendant herself. The plaintiff claims that the evidence does not support the findings and that the conclusions are not supported by the subordinate facts found.

Exhibits made a part of the finding disclose a letter written by the plaintiff's lawyer to the defendant referring to the claim against her father and mother and threatening court action unless the matter was "straightened out," and a reply from the defendant. This reply acknowledged receipt of the plaintiff's let-

ter, stated that the defendant knew of the bill against her parents, referred to illness of her father and his inability to pay, and promised that she would come to the attorney's office and make payments. Thereafter, the defendant went to the office of the plaintiff's attorney and signed the contract. There is no finding as to the conversation at that time. The agreement reads as follows: "Agreement. New Haven July 21 1947. The undersigned, Raye N. DeFelice of 107 Franklin St. in consideration of forbearance of further prosecution of suit against Dominick DeFelice & Mrs. Pauline DeFelice and an extension of time within which to pay, hereby acknowledge owing Hoffman Furniture Store of the sum of $175.00; and hereby agree to pay said sum at the office of Nelson Harris, Attorney, with a payment of 50¢ on the 21 day of July 1947 and the balance at the rate of 50¢ weekly said sum is paid in full. Provided, however, if any of said instalment payments shall remain unpaid for a period of three days after the same become payable, the balance shall be and become due and payable at once, in the option of said Attorney. [signed] Raye N. De-Felice."

The findings that the debt was uncollectible and was barred by the Statute of Limitations are not supported by the evidence. While the defendant, in her letter to the plaintiff, suggests that her father was unable to pay because of illness, there is nothing in the evidence either as to his financial status or as to that of his wife. As to the claim that recovery is barred by the Statute of Limitations, it appears that the original debt was $1200 and that all but $175 had been paid. When, and under what circumstances, the last payment was made does not appear. The trial court's further finding that the real consideration was forbearance to sue the defendant herself is

refuted by the contract, which recites that the consideration was the forbearance of further prosecution of an action against the defendant's parents and an extension of time in which to pay, and this the defendant is estopped to deny. *Dr. Ward's Medical Co.* v. *Wolleat,* 160 Minn. 21, 27, 199 N. W. 738; 31 C. J. S. 235. There was testimony before the court that the defendant was told in the office of the plaintiff's attorney that she was responsible for the debts of her parents and that she signed the agreement in reliance upon a statement that the plaintiff could take the furniture away or attach her pay. The trial court, however, has not found these facts or that she signed the contract as a result of fraudulent representations.

An agreement to forbear to sue in consideration of a written promise by a third person to pay the debt of another constitutes a valid contract. *Markel* v. *DiFrancesco,* 93 Conn. 355, 359, 105 A. 703; *Waters* v. *White,* 75 Conn. 88, 91, 52 A. 401; see also *Savings Bank of Rockville* v. *Cohn,* 116 Conn. 480, 485, 165 A. 607; 1 Williston, Contracts (Rev. Ed.) § 135. From the finding now before us, with the necessary corrections, it appears that the defendant's parents owed the plaintiff the sum in suit; that it was an existing debt; that the plaintiff demanded payment of it; and that as a result the defendant signed the forbearance contract. On these facts, the trial court was in error in ruling that the contract was invalid.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.