SWIFT & COMPANY *vs.* IDA C. LUNDIN ET ALS.

Third Judicial District, New Haven, June Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, JS.

No issue having been raised as to the consideration of a written guaranty, no obligation rests upon the trial court to instruct the jury with reference to it.

The payment of $1 and the allowance by a merchandise creditor of at least one day's additional time for his debtor to pay his then existing indebtedness, constitutes a sufficient consideration for a third person's guaranty of such indebtedness and of any that may be incurred for goods thereafter sold to the debtor on credit.

A promise to forbear the exercise of a legal right, made at the request of another, is a sufficient consideration for the latter's promise.

Claims not made in the court below are not entitled to consideration by this court on appeal.

The defendant alleged that the written guaranty in the present case was obtained by fraudulent representations. *Held* that she was not entitled to allege for the first time on appeal that these allegations also showed a unilateral mistake, and that the charge was defective because it made no reference to that subject; and that even if such a claim had been seasonably made, it must have proved fruitless, since it was without foundation.

The guaranty in question applied on its face to past, as well as to future, indebtedness, the total amount of which was confessedly $1,943, for a recovery of which the jury rendered their verdict. No request to distinguish between past and future indebtedness was made by the defendant either to court or jury, but the guaranty was treated as an entire contract applicable to all, or, if obtained by fraud, to none, of the indebtedness. *Held* that inasmuch as the verdict had found the issues for the plaintiff, the defendant had not been harmed by the omission of the trial judge to submit to the jury the matter of damages in case the jury found for the plaintiff only as to future indebtedness.

Argued June 8th—decided October 6th, 1922.

ACTION upon a written contract of guaranty, brought to the Superior Court in New Haven County and tried to the jury before *Kellogg, J.;* verdict and judgment for the plaintiff for $1,943, against the defendant Ida C. Lundin, from which she appealed. *No error.*

*William W. Gager,* with whom, on the brief, was *Clayton L. Klein,* for the appellant (defendant Ida C. Lundin).

*Lawrence L. Lewis,* for the appellee (plaintiff).

WHEELER, C. J.   The complaint sets up that defendants Ernest E. Lundin and A. J. Nelson were doing business in Naugatuck as copartners under the name of the Lundin Grocery, and as such became indebted to plaintiff in the amount of $2,000.   On December 8th, 1920, defendant Ida C. Lundin guaranteed to plaintiff in writing the payment of the present indebtedness of the copartnership, and the price and value of goods thereafter sold from time to time to them by the plaintiff.   Mrs. Lundin waived notice of nonpayment, and the copartnership neglected and refused to pay the plaintiff this amount, though due. Mrs. Lundin, answering, denied part and admitted part of the complaint; and further answered, "By way of Special Defense," that on December 8th, 1920, the copartnership owed plaintiff $1,500 and was insolvent; that Mrs. Lundin, who was the mother of defendant Ernest E. Lundin, had no knowledge of the insolvency of the copartnership, and the plaintiff's agent represented to her that if she would sign the guaranty it would benefit her son by establishing his credit in the future for goods sold to him; that the agent did not read the guaranty to her or explain it, but assured her that in signing it she would not become liable for any past indebtedness of the copartnership to plaintiff; and that relying upon these representations and assuming them to be true, she signed the guaranty without knowing its contents and as a result of a mistake and the fraudulent representations; that on December 20th, 1920, the plaintiff, by attachment, closed the

store of the copartnership, and the partners filed a petition in bankruptcy on January 29th, 1921, and on September 24th, 1921, were granted their discharge in bankruptcy; that plaintiff presented proof of its claim against the defendants' bankrupt estate, and will receive dividends thereon, and that the only credit extended to the copartnership subsequent to the signing of the guaranty amounted to $467.83.

Plaintiff demurred to the special defense, but it was overruled upon the ground that the answer sufficiently alleged a fraudulent misrepresentation of facts inducing the signing of the guaranty, and the plaintiff thereupon answered over. The members of the copartnership having received their discharge in bankruptcy after this action was begun and the same being pleaded in discharge of it, the plaintiff withdrew its case as against the two members of the copartnership.

The facts alleged in the complaint were practically undisputed, and the judgment for the amount of the indebtedness, $1,943.29, must have been rendered unless the facts alleged in the special defense were proven. The defendant presses, as her first point, the charge of the court as to the consideration of the guaranty, and the failure to charge that the plaintiff to recover must show by a fair preponderance of the evidence the consideration as alleged in the guaranty. The issue of the consideration of the guaranty was not made in the special defense or raised by the denials of the rest of the answer, so that there was no obligation upon the court to instruct the jury with reference to it. Upon the trial defendant made no requests to charge. Assuming that this issue was in the case, we think it was adequately and sufficiently accurately placed before the jury. The guaranty recited as its consideration: "In consideration of the sum of one dollar to the undersigned in hand paid, the receipt

Swift & Co. *v.* Lundin.

whereof is hereby acknowledged, and the further consideration that Swift and Company or its successors or assigns, hereinafter known as seller, sells goods, wares and merchandise upon credit to, or allows additional time to the extent of one day from date hereof on present indebtedness of Lundin's Grocery," etc. The court fairly charged the jury that in order to recover the plaintiff must prove by the fair preponderance of the evidence that there was a consideration for the guaranty, and the court further charged: "Examination of the guaranty discloses that the document itself recites a consideration, to wit: payment of $1, which is acknowledged by the signer of the instrument, and an allowance of additional time of one day from the date of this instrument on the then present indebtedness of Lundin to the plaintiff. This is a sufficient consideration to support the contract of guaranty. In addition to this, plaintiff claims that a further consideration for the execution of the guaranty by the defendant was the forbearance on the part of the plaintiff to put Lundin's Grocery upon a c. o. d. basis, namely, requiring Lundin's Grocery or copartnership, composed of Ernest E. Lundin and A. J. Nelson doing business under that name, to pay for all goods sold them upon delivery, which the copartnership did not wish to do, and thereupon the alternative of furnishing security was discussed, and as a consequence thereof, as the plaintiff claims, the guaranty was entered into by Mrs. Lundin. This forbearance and this extension of credit by the plaintiff to the copartnership, if you so find it from the evidence, is a sufficient consideration to support the contract of guaranty." This instruction, taken in connection with the facts as claimed to have been proven, presented this subject to the jury in accordance with our law. The agreement to forbear by one when accepted by another and acted upon is a sufficient

consideration. *Waters* v. *White,* 75 Conn. 88, 52 Atl. 401.

A second criticism of the charge is that it is adapted to the defense of fraudulent representations, and not to that of a unilateral mistake known to the other party and taken advantage of by him. A reading of the record shows distinctly that no claim that the special defense was that of unilateral mistake, or that such a defense, as well as that of fraudulent representations, was at any time before the court, either upon the hearing on the demurrer or upon the trial. The claim appears to have originated subsequent to the judgment. Had it been made earlier, it must have proved fruitless. The terms of the special defense indicate that the pleader had in mind only the defense of fraudulent representations in securing the execution and delivery of the guaranty.

Complaint is also made of the charge as to damages, when the court said: "The guaranty in question is an entire contract, and if you find the issues in favor of the plaintiff your verdict should be in its favor for the $1,943.29, as shown by the bill of particulars, as there is no evidence before you that any payments have been made by the bankruptcy court upon this amount." The existence and amount of this debt as stated was an undisputed fact in the case. If the jury found the issues for the plaintiff, that is, that Mrs. Lundin had made this guaranty to secure the past as well as the future indebtedness of the copartnership, the verdict must necessarily be for the sum as stated by the court. The verdict of the jury shows that it found the issues for the plaintiff. If the jury had found the issues for the defendant, there could have been no recovery. And if the jury had found the issues in part for the defendant, that is, that Mrs. Lundin only guaranteed the future indebtedness, the verdict must have been for

Flynn *v.* West Hartford.

the plaintiff to recover its amount, $467. The question of the damages in the event that the jury so found was not submitted to the jury, nor was request made that it be submitted. Had the verdict been for the defendant, the plaintiff would have had just cause of complaint. With the verdict, and hence the issues, found for the plaintiff, the defendant has not been harmed by this omission.

The court's statement that no proof was before the court of payments made of dividends from the bankrupt's estate, accords with the fact; defendant's criticism should be directed to the condition of the record, not to the statement of the court.

Other errors discussed in the brief we do not regard as well taken.

There is no error.

In this opinion the other judges concurred.