### 10633.

#### RICE v. MEDLIN *ET AL.*
(107 S. E. 911)

FRAUDS, STATUTE OF—ORIGINAL AND NOT COLLATERAL UNDERTAKING NOT WITHIN STATUTE.—Where a defendant made an original undertaking to pay plaintiff,. and not a collateral undertaking, nor a guaranty to pay the debt of another, becoming rather the original obligor affected in a pecuniary way, the case did not come within the statute.

Before PEURIFOY, J., Bamberg, ——— 1920. Affirmed.

Action in Magistrate's Court by A. Rice against C. E. Medlin and W. I. Rice. From judgment for plaintiff against both defendants, which was sustained by the Circuit Court, the defendants appeal.

*Mr. John I. Rice,* for appellant, cites: *Respondent's action based on verbal promise of appellant Rice and no note or memorandum signed by appellant contrary to* 1 *Civ. Code,* 1912, *Sec.* 3737. *Whether plaintiff relied on credit of appellant Rice cannot affect the question*: 29 S. C., 13; 51 S. C., 462. *If party who recives goods be liable at all any promise to pay by third party must be in writing*: 1 McC. 100. *Appellant Rice's liability was collateral and void*: 1 McC. 100; 1 Rich., 223; 1 McMull, 280; 4 S. C., 100; 29 S. C., 9. *Interest of appellant Rice in the subject matter was not sufficient to constitute a new consideration*: 68 S. C., 392.

*Mr. W. E. Free,* for respondent, cites: *As to collateral liability*: 3 Parsons Contracts 19, 20, 21, 24; 4 S. C., 103; 29 S. C., 13-14; 68 S. C., 396; 141 U. S., 479.

June 30, 1921.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from a judgment in favor of plaintiff against defendants, rendered in the Magistrate's Court, and affirmed by the Circuit Court.

The defendants offered no testimony, but relied throughout entirely on the statute of frauds, and contended that the guaranty of W. I. Rice was a collateral one, and came within the statute of frauds. The exceptions involve these questions. The exceptions are overruled. W. I. Rice, under the evidence, made an original undertaking to pay plaintiff, not a collateral undertaking, not a guaranty to pay the debt of another. The proof and circumstances show that he was the original obligor and affected in a pecuniary way. He does not testify at all, and makes no denial of the evidence. Plaintiff had the right to charge the account to him; the evidence shows it was his account. The contention of the appellant is conclusively settled against him in the opinion of Mr. Justice Gary (now Chief Justice) in *Lorick & Lowrance v. Caldwell,* 85 S. C., 94, 67 S. E., 143, and authorities therein quoted.

Judgment affirmed.