## 11170

### JONES v. KIRBY

#### (116 S. E., 446)

TRIAL—INSTRUCTIONS HELD NOT TO CAUSE JURY TO THINK ISSUE OF COLLATERAL LIABILITY WAS INVOLVED.—In an action on an itemized open account, instructions, considered as a whole, *held* not to cause the jury to think that whether defendant was collaterally or secondarily liable was an issue.

Before WILSON, J., Spartanburg, October, 1921. Affirmed.

Action by W. T. Jones, against John B. Kirby. Judgment for plaintiff and defendant appeals.

*Messrs. Lyles, Daniel & Drummond,* for appellant, cite: *Submitting to jury an issue not made by the pleadings is reversible error:* 113 S. C., 495. *Statute of frauds:* 68 S. C., 397 85 S. C., 94. *Failure to instruct jury the law of the case is error:* 109 S. C., 245. *Counterclaim:* 30 S. C., 617. *In claim and delivery:* 93 S. C., 99.

*Messrs. Barron, Barron & Barron,* for respondent, cite: *Exception too general:* 87 S. C., 18; 88 S. C., 80. *Testi-*

*mony objected to was given by other witnesses which cured*
*error, if any:* 93 S. C., 98; 78 S. C., 143; 79 S. C., 70.
*Charge must be considered in its entirety:* 86 S. C., 231; 93
S. C., 420.

March 27, 1923.

The opinion of the Court was delivered by Mr. JUSTICE
WATTS.

The appellant appeals from judgment entered against
him for the sum of $1,420. He was sued on an itemized,
open account for fertilizers, corn, and oats, which the re-
spondent alleged was sold and delivered to him, and for
which he refused to pay. The answer was a general denial.
The cause was tried before Judge Wilson and a jury at
Spartanburg, on October 14, 1921.

The exceptions complain of error in admitting over ob-
jection certain evidence, and in refusing to charge certain
of defendant's requests, and in modifying others of defend-
ant's requests and in his charge to the jury, the law of the
case. The issues in the case were clear. The plaintiff's
case was a suit on account straight, and defendant made
a general denial. Under the Judge's charge the jury could
not have been misled as to the issues. They could not have
understood that one of the issues was whether the defend-
ant was colaterally or secondarily liable. In his charge
Judge Wilson uses this language:

"It is a single issue; I have allowed a great deal of tes-
timony in this case; I thought it would be made relevant
in some way, but after hearing it all, I have been very liberal
with both sides, counsel asking a great number of questions
that to my mind had nothing to do with the issue; the only
issue is no matter what those outside matters are, the issue
is this: Did Jones sell John B. Kirby the articles mentioned
in the complaint? Did he sell them to him? Has he paid

24—S. C.—123

for them? Does he owe him for them? 'That is the only issue."

Respondent did not contend at any time that appellant was liable except as direct buyer. He did not contend that he was liable in any other respect, that was the issue as made by the pleadings, and that was the issue his honor submitted to the jury.

Taking his Honor's charge as a whole, it is free from error as complained of. *Rice v. Medlin et al.,* 116 S. C., 213; 107 S. E., 911.

All of the exceptions are overruled, and judgment affirmed.

MR. CHIEF JUSTICE GARY did not sit.

MESSRS. JUSTICES FRASER, MARION and COTHRAN concur.