## 12478

### HENDERSON & DEMPSEY v. SKINNER

#### (143 S. E., 875)

1. CONTRACTS—PROMISE TO SIGN NOTE FOR FERTILIZER PREVIOUSLY PURCHASED BY ANOTHER, NOT SUPPORTED BY NEW CONSIDERATION, HELD UNENFORCEABLE.—Where fertilizer had been sold to subtenant of defendant's tenant and charged to buyer, defendant's subsequent alleged oral promise to sign note therefor, not supported by a new legal consideration, *held* unenforceable.

2. FRAUDS, STATUTE OF—ORAL PROMISE TO SIGN NOTE FOR GOODS SOLD AND CHARGED TO ANOTHER HELD UNENFORCEABLE AS "COLLATERAL PROMISE TO ANSWER FOR ANOTHER'S DEBT" (FRAUDS, STATUTE OF [CIV. CODE 1922, § 5516]).—Where fertilizer had been sold to subtenant of defendant's tenant and charged to buyer, defendant's subsequent alleged oral promise to sign note therefor *held* unenforceable under Statute of Frauds (Civ. Code 1922, § 5516) as "collateral promise to answer for another's debt, not in writing."

Before ANSEL, J., County Court, Greenville, July, 1927. Reversed and complaint dismissed.

Action by Henderson & Dempsey against W. L. Skinner. Judgment for plaintiffs in Magistrate Court was affirmed by the County Court, and defendant appeals.

Defendant's exceptions herein are as follows:

(1) That the County Judge erred in overruling defendant's third exception as follows: "Error in finding for the plaintiff when it appeared from the testimony that there was no consideration for the alleged promise of the defendant to pay the debt, it appearing from the testimony that the ferti-

lizer was supplied to the alleged tenant prior to the promise, or the alleged promise, being made."

### SPECIFICATION OF ERROR

(a) Past consideration will support no promise whatever.

(b) Promise based on a benefit to a third person is gratuitous and cannot be enforced, being based on motive and not consideration.

(2) That the County Judge erred in overruling defendant's fourth exception to the verdict and judgment of the magistrate, as follows: "Error in finding for the plaintiffs when it appeared that the promise, or alleged promise, was a collateral promise to answer for the debt or default of another, being void under the statute of frauds."

### SPECIFICATION OF ERROR

(a) If credit is given to him for whose benefit the promise is made, the promise is collateral and within the statute.

(b) Oral undertaking by a person not previously liable, for the purpose of securing the debt or performing the same duty for which the person for whom the undertaking is made, remains liable, promise is within the statute and must be in writing.

(c) Oral promise to pay for benefits previously rendered to third person is clearly not the basis of credit on which transaction rested, and hence is collateral and within the statute.

(3) That the County Judge erred in holding that there was the relationship of landlord and tenant as between the defendant and Henry McCally, when it clearly appeared that the defendant's tenant was J. L. McCally, the brother of Henry McCally.

*Messrs. Martin & Bolt,* for appellant, cite: *"Consideration":* 13 C. J., 311, 312, 321, 360; 27 S. C. L., 62. *Collateral promise void under statute of frauds:* 29 S. C., 13;

4 S. C., 105; 27 C. J., 134; 144. *Cases distinguished:* 116 S. C., 213; 124 S. C., 435. *As to relation of landlord and tenant:* 35 C. J., 951.

*Mr. A. H. Miller,* for respondent, cites: *Controlling cases:* 124 S. C., 435; 85 S. C., 94.

July 5, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The complaint alleged that the defendant was indebted to the plaintiffs on a promissory note signed, *not by the defendant,* but by one *Henry McCally.* The defendant was not a party to this note, either as maker, co-maker, indorser or guarantor. At the trial the plaintiff's attorney, realizing that he could not possibly recover on such a complaint, was allowed to amend it by adding a cause of action for goods sold and delivered. To this complaint the defendant entered a general denial and pleaded the statute of frauds; that the promise to pay on the part of the defendant was a promise to answer for the debt of another, and not in writing.

The defendant, Skinner, owned a farm near Greer, and in 1926, one J. L. McCally was his tenant; he sublet a part of this farm to *Henry* McCally, the signer of the note. The defendant authorized the plaintiffs to furnish *J. L.* McCally with fertilizer and signed a note for the same, which he paid. The defendant refused to sign a note for *Henry* McCally; the fertilizer sued for was charged on the books to *Henry* McCally.

The only promise on the part of the defendant attempted to be proved by the testimony, was that *after the fertilizer had been sold and charged to Henry McCally,* the defendant promised to sign the note, but refused to do so.

Upon this state of facts the magistrate found for the plaintiffs, and the County Judge upheld him on appeal.

One of the defendant's exceptions on appeal is that the alleged promise was founded upon a past consideration and was *nudum pactum.*

It is elementary that a promise founded upon a past consideration cannot be enforced, unless it be shown to be supported by a new legal consideration, growing out of and connected with the original contract. *Garrett v. Stuart,* 1 McCord, 514. *Mordecai v. Dawkins,* Rich., 262; 13 C. J., 359. *Gooch v. Gooch,* 70 W. Va., 38; 73 S. E., 56; 37 L. R. A. (N. S.), 930. *Swearingen v. Insurance Co.,* 52 S. C., 309; 29 S. E., 722. *Ferguson v. Harris,* 39 S. C., 323; 17 S. E., 782; 39 Am. St. Rep., 731. *Bank v. Mahon,* 78 S. C., 408; 59 S. E., 31. *McMorris v. Herndon,* 2 Bailey, 56; 21 Am. Dec., 515. Here the goods had been sold and the credit extended; the alleged promise was made after the transaction had been completed. There is no claim that there was any new consideration moving from the promisee. This exception should have been sustained by the County Judge.

The other exception is that the magistrate should have found for the defendant on the ground that the alleged promise was a collateral promise to answer for the debt of another not in writing. Certainly, if the credit had already been extended to another person, the promise on the part of the defendant could be nothing else but collateral.

*Rice v. Medlin,* 116 S. C., 213; 107 S. E., 911, is distinguishable from the case at bar. In that case the account was charged to defendant and there was the relation of landlord and tenant. The landlord made arrangements with plaintiff before the goods were furnished. It was an original transaction with both parties. In the case of *Gaines v. Durham,* 124 S. C., 435; 117 S. E., 732, the defendant Masters (landlord) said to plaintiff: "Let Durham [tenant], have what he wants, and I will see that it is paid." The promise was made before the goods were sold and delivered; the account

was charged upon the books to both.    In the case at bar, the goods were sold and delivered to Henry McCally, and then the promise was made, if made at all; the account was not charged to the defendant; the relation of landlord and tenant did not exist.

The judgment of this Court is that the judgment of the County Court be reversed and the complaint dismissed.

MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE CARTER (dissenting): This action by the plaintiffs, Henderson and Dempsey, against W. L. Skinner, defendant, was commenced in the Magistrate Court, Greenville County, March, 1927, by service of summons for debt, on an alleged promissory note executed by Henry McCally, who was not made a party to this action.    To this allegation the defendant interposed a general denial.    When the case was called for trial, on motion of the plaintiffs, the plaintiffs were allowed to amend by alleging "for goods sold and delivered at his (defendant's) instance and request."    The defendant then "interposed the plea of the Statute of Frauds [Civ. Code 1922, § 5516], that the promise was collateral and void."

The case was tried by the Magistrate, R. P. Jones, without a jury, who rendered judgment for the plaintiffs in the sum of $50.10 and interest from October, 1926.    From this judgment by the Magistrate, defendant appealed to the County Court of Greenville County, Hon. Martin F. Ansel, Judge, who modified the judgment by disallowing interest, but affirmed the judgment as to the $50.10, which amount is presumed to be the alleged value of the goods alleged to have been sold and delivered at the "instance and request" of the defendant.    From this order of the County Court the defendant has appealed to this Court, upon the grounds set forth in his exceptions, which will be incorporated in the report of the case.

The exceptions will not be considered separately, but as a whole, for the controlling question is, Was there any testimony before the Magistrate tending to establish an original undertaking on the part of the defendant to pay for the fertilizer alleged to have been "sold and delivered at his (defendant's) instance and request?" The answer to this question will determine whether the judgment should be affirmed or reversed.

The synopsis of the testimony contained in the transcript of record shows the proof on this point as follows: R. P. Dempsey on behalf of the plaintiff, on direct examination, according to the transcript, testified:

"That he is one of the members of the Henderson & Dempsey partnership, and dealers in fertilizer; sold Henry McCally, *a tenant of Mr. Skinner's,* and after the sale of this fertilizer to Henry McCally, Mr. Skinner promised to sign the note, *and said that he had instructed the tenant to buy fertilizer from Henderson & Dempsey,* and that he would sign the note if he would mail the note to him. For some reason did not mail the note to Mr. Skinner, but he went to him, and to see him about the account, and he asked us to wait until he could see McCally and see if he could not help him pay it; and the second time we went to him, Mr. Skinner said, 'How about knocking off the interest of the note?' and I told him that I could not, and he said that he would not sign the note. This was the new note for 1927. He never at any time denied that he owed the account, and *admitted that he owed this account."* (Italics added.)

On cross examination the witness, Dempsey, further testified in part:

*"Mr. Skinner said that he sent Henry McCally to get this fertilizer, and that he owed"* (evidently meaning that he, Skinner, owed for the fertilizer). (Italics added.)

Dempsey further testified:

"We could not find Henry McCally the day that we had J. L. McCally to sign his note, and Mr. Skinner said for us to get Henry to sign his note and mail it back to him, and he would sign it. My recollection is that the fertilizer is charged to McCally on our books."

As far as the record discloses, all of the testimony of this witness was admitted without objection.

The witness, O. W. Henderson, testified:

"I am a partner of Mr. Dempsey; I went with Mr. Dempsey to get the note signed up; we could not find Henry McCally, and Mr. Skinner said for us to get Henry McCally to sign the note—(defendant objects to testimony that he would sign note on the ground that it is void under the Statute of Frauds, being collateral promise to answer for the debt of another; objection overruled)—and mail it to him, and he would sign it and mail it back to us. He did not deny that he owed it."

On cross examination the witness, O. W. Henderson, further testified:

"Mr. Skinner asked us to mail him the note and he would sign it and mail it back. I never had a conversation with Skinner prior to this. This account is charged on our books to Henry McCally and W. L. Skinner. (Page 88 of ledger offered in evidence. This page of the ledger shows the account of J. L. McCally and Henry McCally, dated 4—1—1926. The account of Henry McCally is charged to Henry McCally and written with pen and ink. Two lines above Henry McCally's name is the name of W. L. Skinner, Greer, No. 4, written in small hand with pencil.) I don't recall the date that I put Skinner's name on the book."

In the course of his testimony the defendant stated that he did not rent any land to Henry McCally, but he added:

"Henry McCally cultivated some land belonging to me in the year 1926 (which was the year the fertilizer was

furnished by the plaintiffs), but he did not have any agreement with me to farm my land."

The defendant denied every material statement to which the plaintiffs testified that the defendant had made to them, and denied that he had anything to do with the fertilizer in question. Further on in the course of his testimony, on cross examination, the defendant stated:

"I knew that Henry McCally was going to tend a part of my land in the spring of the year. I did not get any rent from Henry McCally. I got some rent from J. L. McCally. I was looking to J. L. McCally for rent. I was indifferent as to the rent that Henry McCally was to pay. I was not looking to Henry McCally for my rent, and he was not working any land under my directions."

It is thus seen that the testimony on the part of the defendant is in conflict with that of the plaintiffs. From the testimony of the defendant, it might be inferred that Henry McCally, to whom the fertilizer in question was delivered, did not rent land direct from the defendant, but that the land which he cultivated was sublet to him by J. L. McCally, who bargained with the defendant for the land, though the defendant admits that he knew Henry McCally was to cultivate the land in question. But even if it be granted that Henry McCally did not rent the land direct from the defendant, and that it was sublet to him by J. L. McCally, a renter of the defendant, it does not by any means follow that the defendant is relieved of paying for the fertilizer if he sent to the plaintiffs for the fertilizer, and there was testimony introduced to the effect that the defendant did send to the plaintiffs for the fertilizer. R. P. Dempsey, one of the plaintiffs, without any objection, testified on this point as follows:

" * * * Sold Henry McCally, a tenant of Mr. Skinner's, and after the sale of this fertilizer to Henry McCally, Mr. Skinner promised to sign the note, *and said that he had instructed the tenant to buy fertilizer from Hen-*

*derson and Dempsey* and that he would sign the note if he would mail the note to him."

On cross examination the same witness testified on this point:

"Mr. Skinner said that he sent Henry McCally to get this fertilizer and that he owed (meaning he owed for it.)"

This testimony, if true, was sufficient to base a finding that the defendant sent Henry McCally to the plaintiffs for the fertilizer, and that there was, therefore, an original obligation on the part of the defendant to pay for the same. Whether this testimony was true was a question for the Magistrate, who tried the case without a jury, and is not a question for this Court. Under the well-recognized rule, this Court will not set aside a verdict rendered in a Magistrate Court on a question of fact, concurred in by the Circuit Judge or County Judge, if there was any evidence to support the finding. That there was evidence to support the finding of the Magistrate in the case at bar, which finding was concurred in by the County Judge, appears beyond question. Therefore, this Court should not reverse the judgment.

The contention is made that the fertilizer was charged to Henry McCally and that the note was not signed by the defendant. One of the plaintiffs, Dempsey, stated in the course of his testimony that the fertilizer, according to his recollection, was charged to Henry McCally, but the plaintiff, Henderson, testified that the account was charged on the books to Henry McCally and W. L. Skinner, the defendant. Under the rule, where there is conflicting testimony introduced by the plaintiff, the jury (in this case the Magistrate) is not required to accept that most unfavorable, but may accept that most favorable; that is, the jury are the judges of the facts; in this case, the Magistrate was the judge of the facts. Further, if the defendant sent for the fertilizer, it was not necessary that it be charged on the

books to him in order to bind him to pay for same. Neither did the failure to sign the note relieve him from the obligation to pay for the fertilizer. When a person sends to a merchant for goods, he places himself under obligations to the merchant to pay for the goods, whether he executes a note for the same or not. While it is true "that a promise founded upon a past consideration cannot be enforced, unless it be shown to be supported by a new legal consideration, growing out of and connected with the original contract," and neither is a collateral promise to answer for the debt of another binding unless in writing; but these principles do not relieve the defendant from his obligation to pay for goods sold and delivered at his instance and request, and that there was ample evidence to support this alleged fact and the Magistrate's finding thereon clearly appears from the testimony printed in the transcript and pointed out herein.

I think the exceptions should be overruled, and the judgment affirmed.

Mr. Chief Justice Watts concurs.