ADOLPH SANDELLI *v.* IRENE DUFFY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 9—decided July 6, 1944.

*Cyril F. Gaffney,* for the appellant (defendant).

*Andrew S. Aharonian,* for the appellee (plaintiff).

BROWN, J. In this action, brought on the common counts to recover an indebtedness of $777.89, the plaintiff by his bill of particulars and more specific statement alleged that he sold and delivered flowers, plants, etc., to "the Defendant . . . and her husband, Frank P. Duffy (deceased) doing business as Frank P. Duffy" in response to their orders in connection with their undertaking business, that the above was the balance due on the running account, and that on April 18, 1942, the defendant expressly agreed in writing to "pay the full amount as soon as I sell the house," having reference to her homestead in New Britain. The defendant's answer was a general denial. The court rendered judgment for the plaintiff for the above amount and the defendant has appealed.

In this court the plaintiff has urged that the court's finding of liability on the part of the defendant can be sustained upon any or all of these grounds: (1) she is a surviving partner or member of a joint adventure; (2) the articles went "for the joint benefit" of herself and her husband within § 5155 of the General Statutes; and (3) she expressly promised on April 18, 1942, to pay the debt. The court's conclusions make clear that its judgment was predicated solely upon this last ground. The facts found are insufficient to support a

conclusion of liability on the first ground. The same is true as to the second. See *Dubow* v. *Gottinello*, 111 Conn. 306, 311, 149 Atl. 768. The judgment for the plaintiff cannot be sustained on the third ground. This is so because there was no consideration for the defendant's promise. Something given before a promise is made, and therefore without reference to it, particularly if given to another than the promisor, does not constitute legal consideration. 1 Williston, Contracts (Rev. Ed.), § 142; *Linvitz* v. *Galeckis*, 110 Conn. 174, 177, 147 Ala. 592; *Cook* v. *Bradley*, 7 Conn. 57, 62; *Savings Bank of Rockville* v. *Cohn*, 116 Conn. 480, 485, 165 Atl. 607; *Plumb* v. *Curtis*, 66 Conn. 154, 172, 33 Atl. 998; *Mills* v. *Wyman*, 3 Pick. (20 Mass.) 207, 210; *Bank of Commerce* v. *McCarty*, 119 Neb. 795, 805, 231 N. W. 34; *People's Bldg. & Loan Assn.* v. *Swaim*, 198 N. C. 14, 17, 150 S. E. 668; *Henderson & Dempsey* v. *Skinner*, 146 S. C. 281, 284, 143 S. E. 875; 12 Am. Jur. 586, § 93; notes, 17 A. L. R. 1299, 1307, 79 A. L. R. 1346, 1349.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.