[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Facts
This matter came before the court on plaintiff's request for a prejudgment remedy. The plaintiff, Linda Gilbert, gave to the defendant, Dolores Namin, $75,000 dollars. The defendant claims that the $75,000 payment was an investment in her clothing company and not a personal loan. The plaintiff disputes this.
A promissory note was drafted by the parties which indicated that the defendant owes the plaintiff $75,000. However, the note was drafted after the transfer of funds had taken place. Therefore, the transfer of funds was not contemporaneous with the execution of the promissory note and would not otherwise be considered adequate consideration for the note.
The plaintiff now seeks a pre-judgment remedy on the defendant's assets to secure the $75,000 dollar debt she claims is owed to her.
 Issue
Was there adequate consideration for the drafting and execution of the promissory note?
 Discussion
It is true that "[s]omething given before a promise is made, and therefore I without reference to it, particularly if given to another than the promisor, does not constitute legal consideration." 1 Williston, Contracts (Rev. Ed.), 142; Sandelliv. Duffy, 131 Conn. 155, 38 A.2d 437 (1944)
In the present case, however, the record contains a financial CT Page 4187 affidavit, dated February 10, 1998, wherein the plaintiff lists a $75,000 dollar payment from Linda Gilbert as a "Personally Guaranteed Note." (Plaintiff's Exhibit 2). This is persuasive evidence of an existing oral, bilateral contract between the parties. (e.g. plaintiff promised to loan defendant $75,000 dollars and defendant promised to repay that amount at a later date).
Although it was subsequent to this transfer of funds that the parties executed the Promissory Note,[1] the law provides that "[n]egotiable paper taken in payment of an antecedent debt is taken for a valuable consideration, within the meaning of the law merchant. Brush v. Scribner, 11 Conn. 388, 392. This is equally true where the paper is taken as security for an antecedent debt.Bridgeport City Bank v. Welch, 29 Conn. 475, 476; Roberts v. Hall,37 Conn. 205, 212." Rockville Nat. Bank v. Citizens Gas LightCo., 72 Conn. 576, 45 A. 361 (1900).
Moreover, "[t]here is a presumption that every negotiable instrument has been issued for a valuable consideration and that every party whose signature appears on the instrument has become a party for value. Molk v. Micklewright, 159 Conn. 606 (1964). One who asserts a lack of consideration must prove it be a preponderance of the evidence. Taylor v. Hamden Hall School, Inc., 149 Conn. 545 (1962)." Patel v. Keshwala, Superior Court, judicial district of New Haven at Meriden, Docket No. 249428 (April 30, 1996, Silbert, J).
Based on the aforementioned legal standard, the defendant has failed to establish by a preponderance of the evidence a lack of consideration for the promissory note. The court orders that a prejudgment remedy may issue in the amount of $80,000.00
Mihalakos, J.