[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
This is the defendant's motion to strike the plaintiffs revised complaint sounding in breach of contract and unjust enrichment. The dispute between the parties was allegedly caused by the defendant's failure to pay the plaintiff for a reduction in tax assessment obtained by the plaintiff for the benefit of CT Page 13495 the defendant through presentation to the Norwalk Board of Tax Review. The defendant argues that the plaintiff has no viable cause of action because the presentation to the Norwalk Board of Tax Review, whereby the plaintiff obtained a tax reduction for the plaintiff, preceded the signing of the contract.
Count One
"Something given before a promise is made, and therefore without reference to it . . . does not constitute legal consideration." Sandelli v. Duffy, 131 Conn. 155, 157,38 A.2d 437 (1944), citing 1 Williston, Contracts (Rev. Ed.), § 142; see also Norton v. Commercial Credit Corp. , Superior Court, judicial district of Hartford at Hartford, Docket No. 578441 (October 6, 1998, Rittenband, J.) (finding that past consideration does not constitute valid legal consideration). Here, there is no valid legal consideration and hence no valid contract claim because the plaintiff acted, allegedly obtaining a tax assessment discount for the defendant, before the promise to pay the plaintiff for his services had been entered into. Moreover, no facts have been alleged which suggest that there was any type of valid contract prior to performance. Accordingly, the defendant's motion to strike count one of the plaintiff's revised complaint sounding in breach of contract is granted.
Count Two
"Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy. . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Citation omitted; internal quotation marks omitted.) Hartford Whalers Hockey Club v.Uniroyal Goodrich Tire Co., 231 Conn. 276, 283, 649 A.2d 518
(1994). Here, the plaintiff has pled (1) that the assessment and tax consequences to the defendant were reduced, (2) that the defendant failed to pay the plaintiff a percentage of the realized reduction in taxes due, and (3) that the failure of payment was to the plaintiff's detriment. The plaintiff has, therefore, clearly alleged sufficient facts to sustain a cause of action for unjust enrichment. Accordingly, the defendant's motion to strike count two of the plaintiff's revised complaint sounding in unjust enrichment is denied. CT Page 13496
In summary, the defendant's motion to strike is granted as to count one, but denied as to count two, So ordered.
D'ANDREA, J.